# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL BOARD FOR RESPIRATORY CARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JANA STAFFORD, <br><br> Defendant. | Case No. CIV-23-1146-R |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND TRADE SECRET MISAPPROPRIATION

Plaintiff National Board for Respiratory Care, Inc. ("NBRC"), for its Complaint against Defendant Jana Stafford ("Stafford"), alleges as follows:

### THE PARTIES

1. NBRC is a not-for-profit corporation with its headquarters located at 10801 Mastin Street, Suite 300, Overland Park, Kansas 66210.

2. Upon information and belief, Stafford is an individual residing at 242 South Eden Avenue, Shawnee, Oklahoma 74801.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over NBRC's claims relating to the Copyright Act (17 U.S.C. § 101 *et seq.*) and the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836 *et seq.*) pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. § 1338(a) (any act of Congress relating to copyrights, patents, and trademarks). This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because NBRC is a Kansas company, Stafford resides in Oklahoma, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over NBRC's remaining Oklahoma state law claim pursuant to 28 U.S.C. § 1367(a) because it is so related to the federal claims that it forms part of

the same case or controversy.

4. This Court has personal jurisdiction over Stafford because she resides in Oklahoma.

5. Venue is proper in this district under 28 U.S.C. § 1400(a) because Stafford may be found in this district. Venue is also proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

### NBRC and the "NBRC Materials"

6. Founded in 1960, NBRC is the credentialing board for United States respiratory care practitioners and evaluates their professional competence.

7. NBRC has developed credentialing examinations for measuring essential knowledge, skills, and abilities needed for respiratory therapists to obtain various credentials within the field. For example, in order to obtain certification as a Registered Respiratory Therapist (RRT®) or as a Certified Respiratory Therapist (CRT®) in the United States, aspiring and/or active respiratory therapists must pass the NBRC's credentialing examinations.

8. NBRC maintains the credentialing examinations as highly confidential trade secret materials to protect the integrity of the examination process. The credentialing examinations are administered by a testing organization PSI, which administers the examinations as proctored secure tests at testing facilities and on-line. Before beginning the examination and obtaining access to the examination questions, the candidate must expressly agree to terms and conditions acknowledging both the proprietary and confidential nature of the examination content and agreeing not to disclose any part or portion of the examination to others. In pertinent part, these terms and conditions state:

> 1. By proceeding, you will gain access to test questions devised to evaluate the readiness of candidates for employment or professional certification or licensure. You understand and acknowledge the test questions, their arrangement, and the manner in which they are displayed, presented, and laid out is confidential and proprietary information on which a substantial amount of money and effort have

2

> been expended to develop.
>
> 2. You agree, under no circumstances, may you remove test questions or any part of the test from the testing facility. Both during and after the test, you may not reproduce test questions or any aspect of the test by any means, including without limitation, paper or electronics. Both during and after the test, you may not disclose test questions or any aspect of the test to others by use of paper copies, electronic media, oral communication, or any other means.

Access to the credentialing examination content is otherwise restricted to those employees and agents who have agreed to maintain the content as strictly confidential, and any electronic or printed copies of the examination content are prominently marked as "CONFIDENTIAL".

9. NBRC has also developed Self-Assessment Examinations ("SAEs") and written feedback provided in response to completed SAEs ("SAE Feedback") to assist aspiring and active respiratory therapists in studying for and passing the credentialing examinations. The credentialing examinations, SAEs, and SAE Feedback are collectively referred to herein as the "NBRC Materials."

10. The NBRC Materials are of significant value to NBRC. For example, NBRC's sales of the NBRC Materials help to pay for: NBRC's costs associated with developing and administering credentialing examinations; the salaries of NBRC's employees; and NBRC's contributions to research and professional scholarships.

11. NBRC is the owner of all rights, title, and interest, including all rights in and to the copyrights in the NBRC Materials. NBRC denotes this ownership interest via the inclusion of NBRC's name and copyright notice on the NBRC Materials.

12. NBRC goes to great lengths to protect its copyright and trade secret rights relating to the NBRC Materials.

13. For example, in addition to the Terms and Conditions applying to the credentialing examinations discussed above, when a candidate begins taking an SAE, the copyright notice

3

expressly states:

> "ATTENTION: By accessing this examination, you agree not to reproduce, distribute, disclose, offer for sale or sell any portion of these copyrighted National Board for Respiratory Care, Inc. materials in any format. Failure to comply with these terms may result in disciplinary action by the National Board for Respiratory Care, Inc. including loss of your credential, losing your ability to retain an examination and/or legal action related to copyright infringement."

14. Furthermore, when the SAE Feedback is provided to the candidate, the copyright notice additionally states: "FOR CONFIDENTIAL, PERSONAL USE ONLY – DO NOT COPY, DISCLOSE OR DISTRIBUTE ANY PART OR PORTION."

15. As another example, the NBRC's Judicial and Ethics policy, with which all respiratory therapists must comply to maintain the credentials obtained from NBRC, requires that the credentialed therapists must: not knowingly assist other persons to obtain or attempt to obtain certifications, registrations, recertifications, or reregistrations by fraud, deception, or artifice; not possess or distribute any official NBRC testing or examination materials, including but not necessarily limited to the NBRC Materials; and follow examination terms and conditions and not violate examination security protocols.

16. Individuals who hold CRT® and RRT® credentials from NBRC are subject to NBRC's Judicial and Ethics policies.

17. Individuals who receive copies of NBRC Materials from NBRC owe a duty to NBRC to maintain their secrecy.

18. Individuals who receive copies of NBRC Materials from NBRC owe a duty to NBRC to limit their use.

## NBRC's Copyright Registration

19. NBRC obtained copyright protection for the 2019 SAE Form for Clinical Simulation Examination (CSE) ("the SAE Work") and owns a valid and subsisting registration in the same, U.S. Copyright Registration, No. Txu-2-390-426 (the "SAE Registration"). A true and

correct copy of the SAE Registration is attached as Exhibit 1.

20. The SAE Work is wholly original, and NBRC is the exclusive owner of all rights, title, and interest, including all rights in and to the copyright, in the SAE Work.

21. The SAE Work includes all of the questions that can be used in the Clinical Simulation Examination to be taken by an aspiring or active respiratory therapist, all of the optional answers to those questions, and all of the explanations that can be provided as feedback to assist the aspiring or active respiratory therapist in understanding why a certain answer was correct or incorrect. The SAE to be taken by the aspiring or active respiratory therapist includes questions from the SAE Work and the SAE Feedback provided to the aspiring or active respiratory therapist includes the questions, optional answers and applicable explanations from the SAE Work.

22. As a result, significant portions of the registered SAE Work are copied identically and incorporated into every SAE and SAE Feedback form for the Clinical Simulation Examination.

23. As a result, each SAE and SAE Feedback form is substantially similar to the elements of the SAE Work that are protected by copyright.

**Stafford's Infringement of NBRC's Registered Copyright and Misappropriation of NBRC's Trade Secrets**

24. Stafford is a former respiratory therapist who has worked as a professor of respiratory therapy at Rose State College in Midwest City, Oklahoma.

25. Stafford holds RRT® and CRT® credentials from NBRC. In order to maintain these credentials from NBRC, Stafford must comply with NBRC's Judicial and Ethics policies.

26. Upon information and belief, Stafford is aware of NBRC's Judicial and Ethics policies.

27. Upon information and belief, Stafford is aware that—in order to maintain her RRT® and CRT® credentials from NBRC—she is subject to NBRC's Judicial and Ethics policies.

28. Stafford is the creator, operator, and administrator of the Facebook page "Respiratory Review With Jana" and the Facebook Messenger chats called "CSE messenger group," "New TMC review group," "TMC Study Group," "CSE Main Group," "Review group RT-second level secured" and "Review group for RT – first one" (collectively referred to herein as the "Facebook Groups").

29. Stafford is also the creator, operator, and administrator of an account on www.freeconferencecall.com (the "Webinar Account").

30. Since at least April of 2022, Stafford has billed herself as a "Respiratory Therapy Tutor." Upon information and belief, Stafford offers her purported tutoring services to others via the Facebook Groups and the Webinar Account.

31. Upon information and belief, in connection with her purported tutoring services, Stafford has requested and obtained copies of the SAEs and SAE Feedback forms from individuals who receive copies of these NBRC Materials from NBRC. The SAEs and SAE Feedback forms obtained by Stafford include SAEs and SAE Feedback forms for the Clinical Simulation Examination (CSE) (the "Infringing Materials"). As described in paragraphs **Error! Reference source not found.** to 18, *supra*, these individuals are aware of the proprietary nature of these NBRC Materials and owe a duty to NBRC to limit their use of the SAE Feedback forms to personal use.

32. Upon information and belief, in connection with her purported tutoring services, Stafford has also requested and obtained the content of specific questions and answers that appeared on specific credentialing examinations. As described in paragraphs **Error! Reference source not found.** to 18, *supra*, these individuals are aware of the proprietary nature of these NBRC Materials and owe a duty to NBRC not to disclose the content of the examinations to any party.

33. Upon information and belief, Stafford is aware that NBRC is the owner of all

6

copyrights and trade secret rights in the NBRC Materials for at least the reasons discussed in paragraphs 8 to 18 and 25 to 27, *supra*.

34.   Upon information and belief, Stafford is aware that the Infringing Materials are copyrighted and that NBRC is the owner of all copyrights in the Infringing Materials.

35.   Upon information and belief, individuals provide copies of NBRC Materials and Infringing Materials to Stafford for the limited purpose of facilitating Stafford's purported tutoring services to them. Under these circumstances, Stafford owes a duty to NBRC to maintain the secrecy of the NBRC Materials and Infringing Materials and to limit their use.

36.   To be clear, NBRC would have no objection if Stafford—or anyone else—wanted to responsibly and ethically tutor others in connection with their pursuits of various respiratory therapy certifications. But that is distinctly not what Stafford has done and continues to do.

37.   Instead, Stafford has built an illegitimate business based at least in part on charging others for unauthorized copies of NBRC Materials, Infringing Materials, and/or derivative works of the same (the "Misappropriated Materials").

38.   Upon information and belief, Stafford distributes the Misappropriated Materials to her purported students via social media (including the Facebook Groups) and email. Upon information and belief, these Misappropriated Materials also include unauthorized recordings of live webinars taught by Stafford via the Webinar Account.

39.   As one example, Stafford has distributed unauthorized copies of Infringing Materials to unauthorized recipients via one or more of the Facebook Groups, including but not limited to SAE Feedback.

40.   As another example, Stafford has used Infringing Materials as a tutoring aid during live and unauthorized webinars taught by Stafford via the Webinar Account. These Infringing Materials include, but are not limited to SAE Feedback. During one such webinar, Stafford read substantial portions of five separate questions, optional answers, and option explanations from a

7

particular SAE Feedback. Upon information and belief, without NBRC's authorization, Stafford recorded this webinar and distributed copies of the same to some of her purported students in exchange for a fee.

41.     Upon information and belief, Stafford knows that her purported students copy the Misappropriated Materials, Infringing Materials, and webinars and distribute them to others. For example, Stafford is aware that her purported students access the Facebook Groups and copy the Misappropriated Materials, Infringing Materials, and webinars.

42.     Stafford's conduct as described herein constitutes a blatant violation of NBRC's Judicial and Ethics policies as set forth in ¶ 15, *supra*.

43.     Stafford's conduct irreparably harms NBRC, directly resulting in the diminished value of the NBRC Materials and NBRC's lost sales of the same. Stafford's conduct also presents an imminent threat to the value, legitimacy, and reliability of NBRC's credentialing examinations.

44.     Stafford's disclosure and use of the Misappropriated Materials is without NBRC's authorization, consent, or knowledge, and without any compensation to NBRC.

45.     On information and belief, Stafford's identical copying and exploitation of the Misappropriated Materials was and is willful, and in disregard of, and with indifference to, NBRC's rights.

46.     On further information and belief, Stafford's intentional, infringing conduct was undertaken to reap the benefit and value associated with the same.

47.     By failing to obtain NBRC's authorization to use the Misappropriated Materials or to compensate NBRC for the use, Stafford has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the them, as well as induced others into avoiding the same, as well as the restrictions that NBRC is entitled to and would place on any such exploitation as the conditions for NBRC's permission, including the right to deny permission altogether.

48. On multiple occasions dating back to at least August of this year, NBRC sent letters to Stafford objecting to her wrongful conduct as outlined herein.

49. To date, Stafford has not responded to NBRC's letters and continues her wrongful conduct as outlined herein.

50. Stafford's acts have and are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to NBRC for which NBRC has no adequate remedy at law.

## COUNT ONE
## Copyright Infringement, 17 U.S.C. § 101, *et seq.*

51. NBRC incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

52. The SAE Work contains copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et seq.* NBRC is the exclusive owner of rights under copyright in and to the copyrighted work.

53. NBRC is the owner of the SAE Registration, a valid and subsisting U.S. Copyright Registration protecting the SAE Work.

54. Stafford has had access to, and has accessed, Infringing Materials.

55. NBRC has not authorized Stafford to use, copy, display, distribute, reproduce, or manipulate the Infringing Materials in any way.

56. Stafford has directly infringed NBRC's exclusive rights in the SAE Work by, as described herein, reproducing, distributing, and displaying Infringing Materials with actual notice of NBRC's copyright claims in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

57. Stafford has further directly infringed NBRC's exclusive rights in the SAE Work by, as described herein, reproducing, distributing, and displaying derivative works of the SAE Work with actual notice of NBRC's copyright claims in violation of Section 501 of the Copyright

Act, 17 U.S.C. § 501. Such derivative works include, but are not necessarily limited to, the recording described in paragraph ¶ 40, *supra*.

58. As described in paragraph ¶ 41-41, *supra*, Stafford has also indirectly infringed the SAE Work by inducing third parties who interact with Stafford online to infringe the SAE Work by inducing the third parties to copy and share, without NBRC's authorization, Infringing Materials and derivative works of the SAE Work, with knowledge that such actions were infringing. Stafford has and continues to provide others with access to the Facebook Groups and Webinar Account with the object of promoting its use to infringe the SAE Work. Stafford could easily prevent infringement by these third parties by deactivating the Facebook Groups, deactivating the Webinar Account, and/or by removing infringing content from these locations, yet she refuses to do so, allowing anyone with access to the Facebook Groups or the Webinar Account the ability to copy and distribute the Infringing Materials and derivative works of the SAE Work.

59. Stafford's actions described herein caused, induced or materially contributed to the third parties' infringement.

60. Stafford's infringing conduct alleged herein was and continues to be willful and with full knowledge of NBRC's rights in the SAE Work, and has enabled Stafford illegally to obtain profit therefrom.

61. As a direct and proximate result of Stafford's infringing conduct alleged herein, NBRC has been harmed and is entitled to damages in an amount in excess of $75,000. Pursuant to 17 U.S.C. § 504(b), NBRC is also entitled to recovery of Stafford's profits attributable to her infringing conduct alleged herein, including from any and all sales of the copyrighted work and products incorporating or embodying the copyrighted work, and an accounting of and a constructive trust with respect to such profits.

62.     As a direct and proximate result of Stafford's infringing conduct alleged herein, NBRC has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Stafford's infringing conduct is enjoined by this Court, Stafford will continue to infringe the copyrighted work. NBRC is therefore entitled to permanent injunctive relief restraining and enjoining Stafford's infringing conduct.

WHEREFORE, NBRC prays for judgment as set forth below.

## COUNT TWO
**Violation of Oklahoma Uniform Trade Secrets Act, 78 Okla. Stat. § 85,** *et seq.*

63.     NBRC incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

64.     NBRC owns and possesses certain confidential, proprietary, and trade secret information, as alleged above. The NBRC Materials constitute trade secrets under the Oklahoma Uniform Trade Secrets Act, 78 Okla. Stat. § 85, *et seq.* ("OUTSA").

65.     NBRC developed the NBRC Materials through the expenditure of substantial time, labor, skill, and money. The trade secret NBRC Materials are not generally known outside NBRC, and because this information has great value to NBRC and its competitors, significant measures are taken to see that such information remains confidential. Again, this information is the result of the investment of substantial time, effort, and resources by NBRC. It would take a competitor, such as Stafford, substantial and significant time and effort to duplicate this information independently.

66.     The NBRC Materials derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person or company who could obtain economic value from the disclosure or use of the information.

67. Stafford misappropriated NBRC's trade secrets in violation of the OUTSA by improperly using and disclosing the NBRC Materials, including preparation test questions, answers, and explanatory information in her webinars and recordings of the same without NBRC's authorization or consent and to unfairly compete with NBRC. At the time of Stafford's disclosure and use of the NBRC Materials, she knew or had reason to know that her knowledge of the NBRC Materials was acquired under circumstances giving rise to a duty to maintain their secrecy and limit their use or was derived from a person who owed a duty to NBRC to maintain the secrecy and limit use of the NBRC Materials.

68. Stafford benefitted from her use of the NBRC Materials.

69. By improperly using and disseminating NBRC's trade secrets to gain a financial benefit, Stafford has damaged NBRC monetarily and will continue to do so if she is not stopped.

70. Stafford's misappropriation is willful. Stafford engaged in her misappropriation in violation of NBRC's rights, despite knowing that the NBRC Materials are proprietary and confidential.

71. As a result of Stafford's misappropriation and wrongful use and dissemination of NBRC's trade secrets, NBRC has been and will continue to be injured irreparably and otherwise, and if Stafford's conduct is not stopped, NBRC will continue to suffer reputational and competitive harm, irreparable injury, and significant damages in an amount to be proven.

72. NBRC is entitled to injunctive relief pursuant to 78 Okla. Stat. § 87 to prevent any further actual or threatened misappropriation of its trade secrets.

73. NBRC is entitled to damages, including compensatory damages, unjust enrichment damages and royalties, pursuant to 78 Okla. Stat. § 88(A), for actual loss and unjust enrichment caused by Stafford's misappropriation of NBRC's trade secrets.

74. NBRC is entitled to exemplary damages pursuant to 78 Okla. Stat. § 88(B) for Stafford's willful and malicious misappropriation of NBRC's trade secrets. NBRC is also entitled

to recovery of its attorneys' fees pursuant to 78 Okla. Stat. § 89.

WHEREFORE, NBRC prays for judgment as set forth below

### COUNT THREE
### Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*

75. NBRC incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

76. NBRC owns and possesses certain trade secret information, as alleged above, including the NBRC Materials.

77. NBRC's trade secrets relate to NBRC's products and services used in, or intended for use in, interstate or foreign commerce. As alleged above, as the national licensing board for respiratory therapists in the United States, NBRC licenses the NBRC Materials to respiratory therapy students nationwide. The confidential trade secrets misappropriated by Stafford directly relate to the NBRC Materials.

78. NBRC has expended considerable resources to creating and developing the proprietary NBRC Materials. The creation of NBRC Materials is an expensive and labor-intensive process, which results in a valuable finished product that is obtainable only through rigorous testing and analysis.

79. NBRC's trade secret materials derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person or company who could obtain economic value from the disclosure or use of the information.

80. Stafford misappropriated NBRC's trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, by improperly using and disclosing the NBRC Materials, including questions and answers, and related examination materials, in her webinars and recordings of the same and on her social media pages, without NBRC's authorization or consent and to unfairly compete with NBRC. At the time of Stafford's disclosure and use of the NBRC

Material, she knew or had reason to know that her knowledge of the NBRC Material was acquired under circumstances giving rise to a duty to maintain its secrecy and limit its use or was derived from a person who owed a duty to NBRC to maintain the secrecy and limit use of the NBRC Materials.

81. By improperly using and disclosing NBRC's trade secrets, Stafford has damaged NBRC monetarily and will continue to do so if she is not stopped.

82. Stafford's misappropriation is willful. Stafford engaged in her misconduct in violation of NBRC's rights, despite knowing that the NBRC Materials are proprietary and confidential.

83. As a result of Stafford's unauthorized access and use of NBRC's trade secrets, NBRC has been and will continue to be injured irreparably, and if Stafford's conduct is not stopped, NBRC will continue to suffer severe reputational and competitive harm, irreparable injury, and significant damages in an amount to be proven.

84. In addition to damages, NBRC is entitled to permanent injunctive relief to protect its confidential, proprietary, and trade secret information and to protect its other legitimate business interests. NBRC's business operates in a competitive market and will continue to suffer irreparable harm absent injunctive relief.

85. NBRC is entitled to an injunction pursuant to 18 U.S.C. § 1836(b)(3)(A) to prevent any further actual or threatened misappropriation of its trade secrets.

86. NBRC is entitled to damages, including compensatory damages, unjust enrichment damages, and royalties, pursuant to 18 U.S.C. § 1836(b)(3)(B), for actual loss and unjust enrichment caused by the misappropriation of its trade secrets.

87. NBRC is entitled to exemplary damages pursuant to 18 U.S.C. § 1836(b)(3)(C) for Stafford's willful and malicious misappropriation of its trade secrets. NBRC is also entitled to recovery of its attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

WHEREFORE, NBRC prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NBRC respectfully prays that the Court enter judgment against Defendant Jana Stafford as follows:

A. An award of damages in an amount to be proven at trial;

B. An award equal to Stafford's profits on the use and sale of the NBRC Materials, the Infringing Materials, and the Misappropriated Materials;

C. That any damages attributable to Stafford's copyright infringement be trebled as a result of her willful infringement;

D. An award of compensatory and unjust enrichment damages pursuant to 18 U.S.C. § 1836(b)(3)(B) and 78 Okla. Stat. § 88(A), for the actual loss and unjust enrichment caused by Stafford's misappropriation of NBRC's trade secrets;

E. Reasonable royalties for Stafford's misuse of NBRC's trade secrets;

F. Exemplary damages pursuant to 18 U.S.C. § 1836(b)(3)(C) and 78 Okla. Stat. § 88(B), for Stafford's willful and malicious misappropriation of NBRC's trade secrets;

G. That NBRC be awarded its reasonable attorneys' fees in accordance with 17 U.S.C. § 505, 18 U.S.C. § 1836(b)(3)(D), and 78 Okla. Stat. § 89;

H. That Stafford be permanently enjoined from any further infringement of NBRC's copyrighted materials and misappropriation of trade secrets;

I. An order requiring Stafford to (1) destroy any inventory of infringing and/or misappropriated material presently in her possession (or hereafter acquired through customer returns) and copies of infringing videos, (2) provide to NBRC an itemized accounting of all of the foregoing, and (3) destroy any electronic files in her possession that contain NBRC's copyrighted works and/or trade secret materials; and

J. An award of NBRC's costs and all other and further relief as NBRC may show it is entitled to receive or which the Court may determine to be just and equitable under the circumstances.

## JURY DEMAND

NBRC hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**PHILLIP FREE, PLLC**

By: s/Phillip L. Free, Jr.
Phillip L. Free, Jr. (OK# 15765)
1300 E. 9th St., Suite 8
Edmond, OK 73034
Telephone: 405.446.8811
Facsimile: 405.546.5172
Email: phil.free@okciplaw.com

**STINSON LLP**
Colin W. Turner (MO# 66418)
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
Telephone: 816.842.8600
Facsimile: 816.691.3495
Email: colin.turner@stinson.com
*Pro hac vice application pending*

**Attorneys for Plaintiff National Board for Respiratory Care**

CORE/0506397.0046/185512218.5