IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL BOARD FOR RESPIRATORY CARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JANA STAFFORD, <br><br> Defendant. | Case No. 5:23-cv-01146-R |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, this action was commenced on December 15, 2023 by the filing of the Summons and Complaint;

WHEREAS, in the Complaint, Plaintiff National Board for Respiratory Care, Inc. ("Plaintiff") seeks injunctive relief and monetary damages against defendant Jana Stafford ("Defendant") for infringement of Plaintiff's copyright in Plaintiff's 2019 SAE Form for Clinical Simulation Examination (CSE) (the "Copyrighted Work") under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq., trade secret misappropriation in violation of the Oklahoma Uniform Trade Secrets and the Defend Trade Secrets Act;

WHEREAS, in order to resolve the instant lawsuit, Plaintiff and Defendant entered into a Settlement Agreement and Mutual Release ("the Settlement Agreement");

WHEREAS, Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, it is HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and 1391(b).

3. Plaintiff is the owner of all right, title, and interest, including any and all copyright rights, in and to Plaintiff's 2019 SAE Form for Clinical Simulation Examination (CSE) (the "Copyrighted Work"). Plaintiff is the owner of valid and subsisting United States Copyright Registration No. TXu-2-390-426 for the Copyrighted Work, issued by the United States Copyright Office on September 22, 2023 and effective on September 21, 2023.

4. Without Plaintiff's authorization and without remuneration to Plaintiff, Defendant reproduced, distributed, transmitted, and displayed and caused to be reproduced, distributed, transmitted, and displayed certain of Plaintiff's Self-Assessment Examinations ("SAEs"), certain of its written feedback provided in response to completed SAEs ("SAE Feedback"), and derivative works of the same (collectively the "Infringing Materials"). Significant portions of the Copyrighted Work are copied identically and incorporated into each of the Infringing Materials. As a result, the Infringing Materials are substantially similar to the elements of the Copyrighted Work that are protected by copyright.

5. Without Plaintiff's authorization and without any remuneration to Plaintiff, Defendant reproduced, distributed, and displayed the Infringing Materials with actual notice of NBRC's copyright claims.

6. Without Plaintiff's authorization and without any remuneration to Plaintiff, Defendant induced third parties who interact with Defendant to copy and share Infringing Materials with knowledge that such actions were infringing.

7. The foregoing conduct by Defendant constitutes infringement of Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

8. Defendant benefited financially from the foregoing infringement.

9. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained substantial, immediate, and irreparable injury, and is entitled to damages and an injunction pursuant to 17 U.S.C. §§ 502-505.

10. In addition to the Copyrighted Work, Plaintiff has developed credentialing examinations, additional SAEs, and additional SAE Feedback ("the NBRC Materials"). The Infringing Materials and the NBRC Materials are collectively referred to herein as "the Misappropriated Materials."

11. The Misappropriated Materials derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person or company who could obtain economic value from the disclosure of use of the information.

12. Without Plaintiff's authorization and without any remuneration to Plaintiff, Defendant used and disclosed the Misappropriated Materials. At the time of Defendant's disclosure and use of the Misappropriated Materials, Defendant knew or had reason to know that her knowledge of the Misappropriated Materials was acquired under circumstances giving rise to a duty to maintain their secrecy and limit their use or was derived from a person who owed a duty to Plaintiff to maintain the secrecy and limit use of the Misappropriated Materials.

13. The foregoing conduct by Defendant constitutes trade secret

misappropriation in violation of the Oklahoma Uniform Trade Secrets Act, 78 Okla. Stat. § 85, *et seq.* and a violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*

14. Defendant's misappropriation was willful. Defendant engaged in her misappropriation in violation of Plaintiff's rights, despite knowing that the Misappropriated Materials are proprietary and confidential.

15. Defendant benefited financially from the foregoing trade secret misappropriation.

16. As a direct and proximate result of the Defendant's infringement and misappropriation alleged herein, Plaintiff has sustained substantial, immediate, and irreparable injury, and is entitled to damages, an injunction, and its attorneys' fees pursuant to 78 Okla. Stat. §§ 87–89 and 18 U.S.C. §§ 1836(b)(3)(B)–(D).

17. The Court hereby enters judgment against Defendant on

 (a) Count One of Plaintiff's Complaint for copyright infringement under the United States Copyright Act;

 (b) Count Two of Plaintiff's Complaint for violation of the Oklahoma Uniform Trade Secrets Act; and

 (c) Count Three of Plaintiff's Complaint for violation of the Defend Trade Secrets Act.

18. Defendant hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

19. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

20. Defendant, together with all of Defendant's officers, directors, agents, servants, employees, representatives, affiliates, successors, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant, are permanently enjoined and restrained from directly or indirectly:

(a) reproducing, publishing, distributing, transmitting, marketing, advertising, promoting, publicly displaying, selling, disclosing, or using, or authorizing, enabling, or assisting any third party to reproduce, publish, distribute, transmit, market, advertise, promote, publicly display, sell, disclose, or use the Misappropriated Materials and any products, works, or other materials that include, copy, are derived from, or embody any or all of the Misappropriated Materials;

(b) engaging in any activity that infringes Plaintiff's rights in its Copyrighted Work;

(c) engaging in any activity that constitutes misappropriation of the Misappropriated Materials; and;

(d) directing, causing, encouraging, inducing, aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a), (b), or (c).

21. Within seven (7) days of entry of this Consent Judgment and Permanent Injunction, at Defendant's own cost and without receipt of any compensation from Plaintiff, Defendant shall destroy or deliver up for destruction all copies/inventory of the Misappropriated Materials and any materials derived therefrom in its possession, custody or control, and any other products and works that embody any reproduction or other copy or colorable imitation of the Misappropriated Materials.

22. No money damages shall be owed by either party to the other pursuant to this

Consent Judgment and Permanent Injunction, and each party shall pay its own costs and fees.

23. If Defendant is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

24. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

25. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction and awarding damages, attorneys' fees, costs, or other relief for violations thereof.

26. The Court further retains jurisdiction of this matter for the purposes of enforcing the terms of the Settlement Agreement and awarding damages, attorneys' fees, costs, or other relief for violations thereof.

27. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

28. The parties hereby stipulate to entry of judgment on the terms stated herein.

IT IS SO ORDERED this 6th day of March, 2024.

_____
DAVID L. RUSSELL
**UNITED STATES DISTRICT JUDGE**